The Judges
were unanimously of opinion, that the decision of the presiding Judge was legal and proper. There did not appear to be any laches or neglect in the present case. The executors were pursuing their ordinary and regular remedy for recovering the rights of their testator, and they did not know that the defendant would have called for the original will upon the trial, after so many cases had been determined on giving official copies of such wills in evidence ; and the nonsuit was ordered not on account of any neglect or delay on the part of the executors, but because they did not produce on the trial the highest evidence the case was capable of. Under these circumstances, the law does not make executors liable for costs upon a nonsuit, on account of defect of evidence on the trial.
The reason assigned in the case of Hawes v. Sanders, 3 Burr. 1584. was because the plaintiff had not proceeded to trial agreeably to notice. In that case, it was the executrix’s own fault, in harassing the defendant, in giving him notice of trial, and obliging him to come prepared with his witnesses. An executor in such case is liable for costs ; for an executor is only entitled to privilege in a case where the fault was not his own. So in the case in Salk. 314. he was held liable for not going to trial according to notice, though it is there said, he shall not pay costs on a nonsüit. Barnes’s Notes, 107. to the same point. All the above cases go upon the idea of laches, and delay on the part of executors, and therefore they were held liable, but in no other instances are they liable ; and it is expressly laid down in 5 Cro. Jac. 229. that an executor does not pay costs-upon a nQnsuit. an executor, if he discovers that he cannot maintain his suit, may even discontinue without costs, ' 2 Strange, 871. From all these cases, then, the true fule *401 seems to be, that wherever there has been any delay or improper neglect, he shall pay costs; but where he has not been guilty of any such conduct, he is privileged from costs.
Let the rule for reversing the decision of the circuit court below be discharged, and the determination stand confirmed.
Present, Grimke, Waties, Bat, Johnson and Bitrv VARD.